UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

KAREEM DAVIS,

                                        Plaintiffs,    **COMPLAINT AND JURY DEMAND**

        -against-

THE CITY OF NEW YORK, POLICE OFFICER    DOCKET #
STANLEY MATEO, POLICE OFFICER MICHAEL
HANSSON,

                                        Defendants.

                                                          ECF CASE
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seek relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a February 5, 2012 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, unlawful stop, unlawful search, false imprisonment, false arrest, deprivation of plaintiff's personal property, and assault.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Kareem Davis is an African-American citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Police officers Stanley Mateo and Michael Hansson at all times here relevant were employees of the NYPD assigned to the 83rd precinct and/or the Brooklyn North Narcotics Squad. Each is sued in his individual and official capacities.

9. At all times here mentioned defendant police officers were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

10. On February 5, 2012, just after midnight Plaintiff was driving his car, a 2002 S-Mercedes Sedan, in Brooklyn, New York. He was driving on Bushwick Avenue in the vicinity of Madison Street when he was pulled over by a marked police vehicle with flashing lights.

11. Plaintiff duly pulled over and the officers inside the car, defendants Mateo and Hannson, exited their car and approached plaintiff's car, one on the driver's side and one on the passenger's side.

12. Plaintiff rolled down his window and the driver's side officer demanded his license and

registration. Plaintiff asked why he was being pulled over. The sequence of question and answer repeated. The third time the officer asked plaintiff to produce the documents, he complied.

13. As soon as he handed them over, the driver's side officer demanded "get out of the car" in a loud and aggressive voice and put his hand on his gun. Plaintiff was fearful and did not immediately get out of the car. When the other officer told him in a more normal tone to please step out of the car, he complied.

14. He was placed up against the car, searched, and his car was searched. After a period of time, plaintiff was released from the officer's custody.

15. The defendant officers, in violation of NYPD guidelines, did not fill out a memo book entry or stop and frisk report (UF-250). There was no documentation for the illegal stop, frisk and imprisonment.

16. Plaintiff was released after a period of time. No summons or traffic ticket was written. .

17. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendment to the

3

United States Constitution to be free from an unreasonable search of plaintiff's person.

b. Violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from detention and arrest without probable cause;

c. Violation of his right to Equal Protection under the Law under the Fourteenth Amendment to the United Stated Constitution;

d. emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety;

e. deprivation of property; and

f. Loss of liberty.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, due process of law, and to equal protection under the law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution when they illegally searched the plaintiff and his personal property, deprived him of his property, assaulted him and falsely imprisoned and arrested him. Defendants are liable to plaintiff under 42 U.S.C. §1983.

22. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(42 USC § 1983 -- FALSE ARREST AND FALSE IMPRISONMENT)

23. The above paragraphs are here incorporated by reference.

24. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

25. There was no reasonable expectation of successfully prosecuting plaintiffs.

26. Plaintiffs were aware of their confinement and did not consent.

27. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

28. Plaintiffs were damaged by the false arrest, imprisonment, and deprivation of liberty caused by defendants.

## THIRD CAUSE OF ACTION
(42 USC § 1983 -- ASSAULT)

29. The above paragraphs are here incorporated by reference.

30. By approaching and pushing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and New York State laws and Constitution.

32. Plaintiff was damaged by defendants' assault.

## FIFTH CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

33. The above paragraphs are here incorporated by reference.

34. The City and John Doe Supervisors of Brooklyn North Narcotics are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

34. The City, and John Doe Supervisors of Brooklyn North Narcotics knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful

acts detailed above.

35. The aforesaid event was not an isolated incident. The City and John Doe Supervisors of Brooklyn North Narcotics have been aware for some time (from lawsuits, criminal trials of police officers, and notices of claim, media coverage and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force during an arrest. The City John Doe Supervisors of Brooklyn North Narcotics are further aware, from the same sources, that NYPD officers routinely assault citizens without fear of reprisal.

36. For example, in the criminal case against narcotics officer Jason Arbeeny, who was convicted of planting drugs and falsifying arrest reports, the Kings County trial judge noted that NYPD "had a widespread culture of corruption endemic in its drug units". He further noted the "cowboy culture" in narcotics units and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

37. In addition, the City knows from the same sources that supervising officers, including but not limited to the John Doe Supervisors of Brooklyn North Narcotics have instituted arrest quotas that put pressure on police officers and detectives to make such arrests regardless of the merits of the arrest.

38. Furthermore, the City, John Doe Supervisors of Brooklyn North Narcotics are aware, from the same sources, that police officers routinely engage in the false arrests of citizens. Moreover, rather than inquiring into patterns of alleged misconduct in civil rights cases, the City has undertaken a policy to cover up settlement amounts by changing their settlement stipulations to exclude settlement amounts.

6

39. The City and the John Doe Supervisors of Brooklyn North Narcotics fail to monitor and discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to monitor and discipline officers for making false statements to disciplinary agencies, in addition to failing to monitor false arrests committed by officers. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper force and arrests are practiced and incredible testimony goes uncorrected. Additionally, the City and John Doe Supervisors of Brooklyn North Narcotics have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City John Doe Supervisors of Brooklyn North Narcotics have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

40. The City and John Doe Supervisors of Brooklyn North Narcotics knew or should have known that the officers who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City and John Doe Supervisors of Brooklyn North Narcotics failed to take corrective action.

41. The City and John Doe Supervisors of Brooklyn North Narcotics have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City to the constitutional rights of persons within New York City,

and were the cause of the violations of plaintiff's rights here alleged.

43. Defendants the City and John Doe Supervisors of Brooklyn North Narcotics have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

44. Plaintiff has been damaged as a result of the wrongful, grossly negligent and illegal acts of the City and John Doe Supervisors of Brooklyn North Narcotics.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

    A. In favor of plaintiffs in an amount to be determined by a jury for each of plaintiffs' causes of action;

    B. Awarding plaintiffs punitive damages in an amount to be determined by a jury;

    C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

    D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:   Brooklyn, New York
         May 8, 2013

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Police Officer Stanley Mateo
      Police Officer Michael Hansson

Yours, etc.,

Leo Glickman, Esq.
Bar #LG3644
Attorney for Plaintiff
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY 11217
(718) 852-3710
lglickman@stollglickman.com